UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In Re:

QUAN DINH TRAN                                    Case No. 8:20-bk-05750-CPM
                                                  Chapter 7
    Debtor.
_____/

Q3 INVESTMENTS RECOVERY VEHICLE, LLC,

        Plaintiff,                          Adv. Pro. No.: 8:21-ap-0007-CPM

vs.

QUAN DINH TRAN,

        Defendant.
_____/

**ANSWER TO Q3 INVESTMENTS RECOVERY VEHICLE,
LLC'S COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR**

Defendant, QUAN DINH TRAN, by and through his undersigned counsel, hereby responds to the Complaint, and states:

Preliminary Statement

1. Denied.

2. Admitted for background purposes only.

3. Denied.

4. Denied.

Parties and Jurisdictional Statement

5. Admitted for jurisdictional purposes only.

6. Denied.

7. Admitted.

8. Admitted for jurisdictional purposes only.

General Allegations

9. Denied.

10. Denied.

11. Admitted.

12. Admitted that Defendant solicited money but otherwise denied.

13. Denied.

14. Denied.

15. Denied.

16. Without knowledge.

17. Admitted to issuance of checks but otherwise denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted that Defendant was a "principal" or "manager" but otherwise denied.

22. Admitted that initially funds were sent to Defendant's individual account but otherwise denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Without knowledge.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT I – 11 U.S.C. § 727(a)(2)(A)

44. Defendant realleges his responses in paragraphs 1 through 43.

45. Admitted.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT II – 11 U.S.C. § 727(a)(3)

55. Defendant realleges his responses in paragraphs 1 through 43.

56. Denied.

57. Denied.

58. Denied.

59. Denied and the drive has since been delivered.

60. Denied.

## COUNT III – 11 U.S.C. § 727(a)(4)

61. Defendant realleges his responses in paragraphs 1 through 43.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied and that any such transfers were made in the ordinary course of the Debtor.

69. Denied and that any such transfers were made in the ordinary course of the Debtor.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## COUNT IV – 11 U.S.C. § 727(a)(5)

74. Defendant realleges his responses in paragraphs 1 through 43.

75. Denied.

76. Denied.

77. Denied.

78. Admitted.

79. Denied.

80. Denied.

81. Denied.

## COUNT V – 11 U.S.C. § 727(a)(12)

82. Defendant realleges his responses in paragraphs 1 through 43.

83. Denied.

84. Denied.

## AFFIRMATIVE DEFENSES

1. The Plaintiff lacks standing as its purported assignments are invalid as a matter of law. Moreover, Plaintiff was formed for the sole purpose of accepting illegal assignments from alleged victims and therefore was formed for an illegal purpose and its claims should not be recognized. As asserted by the Plaintiff, as assignee, the claims against the Debtor are champertous and improperly maintained.

2. There is no pending proceeding against the Debtor in which the Debtor may be found guilty of a felony of any kind.

3. Any claim asserted or assertable by any purported assignor is time barred.

4. Plaintiff is estopped from claiming that the Debtor failed to satisfactorily explain anything or to provide information by its failure to request such information in a timely manner. The Debtor provided all information requested by the Trustee and promptly responded to all requests from the Plaintiff notwithstanding Debtor's belief that the Plaintiff lacked standing.

5. Debtor's disclosures and information provided are consistent with the standard of care of a debtor in a case of this type and do not support any inference of fraud or any intent to deceive.

Wherefore, the Debtor demands judgment in his favor, including an award of costs and attorney fees, as appropriate.

/s/ Michael C. Markham
Michael C. Markham, FBN 0768560
Johnson, Pope, Bokor, Ruppel & Burns, LLP
401 E. Jackson St., Suite 3100
Tampa, FL 33602
Telephone: (813) 225-2500;
Fax: (813) 223-7118
mikem@jpfirm.com
Attorney for the Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically on this 16th day of February, 2021, upon all registered CM/ECF users.

/s/ Michael C. Markham
Michael C. Markham

6801268_1