**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

QUAN DINH TRAN,                                    Case No.: 8:20-bk-05750-CPM
                                                   Chapter 7
    Debtor.
_____/

Q3 INVESTMENTS RECOVERY VEHICLE, LLC,

    Plaintiff,                              Adv. Proc. No.: 8:21-ap-00007-CPM

v.

QUAN DINH TRAN,

    Defendant.
_____/

**STIPULATED MOTION FOR DISMISSAL OF PROCEEDING**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 North Florida Avenue, Suite 555, Tampa, Florida 33602 and mail a copy to the moving party's attorney at Michael C. Markham, Esq., Johnson Pope Bokor Ruppel & Burns, LLP, 401 E. Jackson Street, Suite 3100, Tampa, Florida 33602 and to Paul Thanasides, Esq., 500 E. Kennedy Blvd., Suite 200, Tampa, FL 33602, within twenty one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

      Plaintiff, Q3 Investments Recovery Vehicle, LLC, and Defendant, Quan Dinh Tran,

through their respective counsel, hereby move to dismiss this adversary proceeding with prejudice,

with each party to bear its own attorneys' fees and costs, and states:

1. This adversary proceeding contains claims objecting to the Debtor's discharge pursuant to Section 727 of the Bankruptcy Code.

2. The Plaintiff and the Defendant have agreed that this proceeding can be dismissed with prejudice with each party bearing its own attorney fees and costs.

3. Pursuant to Fed.R.Bankr.P. 7041, notice of this Motion is being given to the Chapter 7 Trustee and the United States Trustee.

4. The terms of the dismissal are set forth herein and the attached Settlement Agreement. The parties request a simple order dismissing this proceeding.

Wherefore, Plaintiff and Defendant move for entry of an order dismissing this proceeding with prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/ Paul Thanasides | /s/ Michael C. Markham |
| Paul Thanasides | Michael C. Markham, Esq. |
| Florida Bar No. 103039 | Florida Bar No. 768560 |
| paul@mcintyrefirm.com | mikem@jpfirm.com |
| complexlit@mcintyrefirm.com | minervag@jpfirm.com |
| clservice@mcintyrefirm.com | angelina@jpfirm.com |
| Mary Thanasides | katherines@jpfirm.com |
| Florida Bar No.: 107551 | andrenaw@jpfirm.com |
| mary@mcintyrefirm.com | christines@jpfirm.com |
| McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A. | Johnson, Pope, Bokor, Ruppel & Burns, LLP |
| 500 E. Kennedy Blvd., Suite 200 | 401 E. Jackson Street, Suite 3100 |
| Tampa, FL 33602 | Tampa, FL 33602 |
| Telephone: 813.223.0000 | Telephone: 813.225.2500 |
| Facsimile: 813.225.1221 | Facsimile: 813.223.7118 |
| **Attorneys for Q3 Investments Recovery Vehicle, LLC** | **Attorneys for Quan Dinh Tran** |

**FILER'S ATTESTATION**

Pursuant to Local Rule 1001-2(g)(3) regarding signatures Michael C. Markham attests that concurrence in the filing of this paper has been obtained.

> */s/ Michael C. Markham*
> Michael C. Markham

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 15, 2021, a true and correct copy of the foregoing was electronically served using the Court's CM/ECF system on all registered CM/ECF participants in this proceeding; by electronic mail to Lynn Welter Sherman, counsel for the Chapter 7 Trustee at lsherman@trenam.com; and by U.S. Mail to: Nicole M. Cameron, Trustee, 235 Apollo Beach Blvd., #231, Apollo Beach, FL 33572; and the United States Trustee, Timberlake Annex, Suite 1200, 501 E. Polk St., Tampa, FL 33602.

> */s/ Michael C. Markham*
> Michael C. Markham

7458177_1

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Agreement"), effective as of the date this Agreement has been approved by the Bankruptcy Court, (the "Effective Date"), is entered into by and between (i) Quan Dinh Tran ("Tran") and (ii) Q3 Investments Recovery Vehicle, LLC, for itself and on behalf of its members (the "Recovery Vehicle"). Tran and the Recovery Vehicle shall each be referred to as a "Party," and shall collectively be referred to as the "Parties."

**WHEREAS**, on July 29, 2020, (the "Petition Date"), Tran filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, Case No. 8:20-bk-5750 (the "Bankruptcy Case"), in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Court").

**WHEREAS**, the Recovery Vehicle and its members filed proofs of claims in the Bankruptcy Case, Claim Nos. 49, 57, 59-128, and 134 (collectively, "Proofs of Claims"), totaling $22,544,707.11 (the "Debt").

**WHEREAS**, on January 8, 2021, the Recovery Vehicle commenced Adversary Proceeding No. 8:21-ap-00007-CPM and Adversary Proceeding No. 8:21-ap-00008-CPM against Tran, objecting to Tran's discharge and seeking a determination of the non-dischargeability of some or all of the Debt (the "Adversary Proceedings").

**WHEREAS**, to avoid the cost and uncertainty of further litigation and trial, the Parties desire to compromise and settle the claims between them in the Adversary Proceedings, without any admission of fact or law, on the terms set forth herein.

**NOW, THEREFORE**, in consideration of the promises and mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Incorporation by Reference.** The above recitals are true and correct and are incorporated as part of this Agreement.

2. **Limited Release and Dismissal of the Adversary Proceedings.** Within seven (7) business days of the Effective Date, the Recovery Vehicle shall dismiss, with prejudice, any and all claims that were or could have been brought against Tran in the Adversary Proceedings (the "Release"). Each Party shall bear its own attorneys' fees and costs in relation to the Adversary Proceedings. This Release is limited to the claims that were or could have been brought against Tran in the Adversary Proceedings related to discharge and dischargeability (the "Released Claims"), and in no way affects or releases the Debt, as reflected in the Proofs of Claims, the Recovery Vehicle's or its members' status as creditors of Tran in the Bankruptcy Case, or the Recovery Vehicle's claims against any third parties. The Parties understand that Tran will be granted his discharge upon the dismissal of the Adversary Proceedings.

3. **Proclamation of No Hidden Assets.** Tran proclaims and avers that he has provided truthful and complete financial disclosures of all his past, current, and future assets and that he is

in no way hiding any assets in any undisclosed location(s) or account(s) that have not been disclosed to the Recovery Vehicle. If it is determined that Tran has failed to disclose any material assets or is hiding any such assets or causing a third party to hide any such assets, the breach of this proclamation shall be considered a material breach of this Agreement.

**4.     Future Duties and Acts Not Released.** Each Party recognizes and agrees that this settlement and limited Release only encompasses acts or events that took place prior to the Effective Date of this Agreement and does not release Tran from ongoing duties, if any, owed to Q3 I, LP ("Q3I"), its limited partners, or anyone else. Explicitly excluded from the Release is any liability for any future acts taken by Tran, including but not limited to future acts that could constitute a breach of Tran's duties to Q3I or its limited partners, if any, or a breach of this Agreement. For a period not to exceed two (2) years, Tran agrees that he will make his best efforts to comply with reasonable requests to cooperate with the Recovery Vehicle, including but not limited to reasonable requests to answer questions or supply information or documents as needed.

**5.     Waiver of Interest.**  To the extent Tran owned or owns any limited partnership interests in Q3I, Tran hereby waives any claim to any distributions from Q3I or Q3 Holdings.

**6.     Agreement Not Effective Unless Approved in its Entirety by the Bankruptcy Court.**  The Parties stipulate and agree that this Agreement will not become effective unless and until it is approved in its entirety by the Bankruptcy Court. If any portion of this Agreement is not approved by the Bankruptcy Court, the entire Agreement is void.

**7.     Competence of the Parties; Knowing and Voluntary Agreement.** The Parties hereby acknowledge and represent that they have been fully advised by their legal counsel of their rights and responsibilities under this Agreement and that they have read and understand completely the contents hereof, and that they have independently made their own analysis and decision to enter into this Agreement and have voluntarily executed same.

**8.     Authority.** Each of the Parties to this Agreement hereby represents and warrants that he/it has full authority and power to execute, deliver, and perform this Agreement and consummate all of the obligations contemplated herein, and that this Agreement is a valid and legally binding obligation of the Party, enforceable in accordance with the respective terms stated herein.

**9.     Construction.** The Parties acknowledge that they each have had input into the drafting of this Agreement and that, accordingly, this Agreement shall not be construed for or against either Party, but shall be given a fair and reasonable interpretation based upon the language of the Agreement and the intent of the Parties.

**10.    Integration and Modification.** This Agreement constitutes the complete and entire agreement between the Parties pertaining to the subject matter hereof, and supersedes any and all prior written and/or oral agreements. Each Party represents that it has not relied on any representations other than as expressly set forth herein. This Agreement may be altered or modified only in a writing signed by each Party.

**11.     No Waiver.**  The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

**12.     Counterparts.**  This Agreement may be executed and delivered in any number of counterparts, all of which taken together will constitute one agreement, and any of the Parties hereto may execute this Agreement by signing any such counterpart. Facsimile copies of signatures, including those delivered in .pdf format via email, shall be treated as original signatures for all purposes and otherwise admissible under the Best Evidence Rule.

**13.     Headings.**  The descriptive headings of the paragraphs of this Agreement are inserted for convenience of reference only and in no way define, limit, or otherwise describe the scope or intent of this Agreement, or any provision hereof.

**14.     Attorneys Fees.**  Unless otherwise expressly set forth herein, each of the Parties shall bear his/its own fees, costs, and expenses in connection with the matters set forth in this Agreement, including, without limitation, the Adversary Proceedings, and the negotiations and preparation of this Agreement. However, if any Party institutes legal proceedings over the enforcement of this Agreement or any provision of it, the prevailing Party shall be entitled to recover from the losing Party its costs and expenses, including, without limitation, reasonable attorneys' fees, costs, and expenses at both the trial and appellate levels.

**15.     Jurisdiction and Venue.**  The Parties acknowledge, agree, and irrevocably consent to the jurisdiction of the Bankruptcy Court to resolve any and all disputes which may arise out of or in connection with this Agreement, and that venue is appropriate in the Bankruptcy Court.

**16.     Governing Law.**  Except to the extent that the Bankruptcy Code or Federal Rules of Bankruptcy Procedure are applicable, this Agreement shall be governed by, and construed in accordance with, the laws of the State of Florida, without giving effect to the conflicts of laws principles thereof.

**17.     Further Assurances.**  Each Party agrees to take all reasonable and timely steps necessary to effectuate the terms of this Agreement.

[Signatures on the next page]

**IN WITNESS WHEREOF**, the Parties hereto evidence their agreement as a sealed instrument and have executed this Agreement as of the date last executed below.

DATE: 11/8/2021                    **QUAN DINH TRAN**

_____

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

SWORN AND SUBSCRIBED before me, by means of ☑ physical presence or ☐ online notarization, this 8th day of November, 2020, by QUAN DINH TRAN, who is ☑ personally known to me or who has ☐ produced _____ as identification and who did take an oath.

(SEAL)
SANDRA J. SIERRA
MY COMMISSION # GG 180321
EXPIRES: May 27, 2022
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC, State of Florida
Print Name: Sandra J. Sierra
My Commission Expires: GG 180321


DATE: _____          **Q3 INVESTMENTS RECOVERY VEHICLE, LLC**

_____

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

SWORN AND SUBSCRIBED before me, by means of ☐ physical presence or ☐ online notarization, this ____ day of _____, 2020, by SHALIN SHAH, who is ☐ personally known to me or who has ☐ produced _____ as identification and who did take an oath.

(SEAL)                              NOTARY PUBLIC, State of Florida

                                    Print Name: _____
                                    My Commission Expires: _____

4

DATE:_____          **Q3 INVESTMENTS RECOVERY VEHICLE, LLC**

_____

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    SWORN AND SUBSCRIBED before me, by means of ☐ physical presence or ☐ online notarization, this ____ day of _____, 2020, by JUSMIN PATEL, who is ☐ personally known to me or who has ☐ produced _____ as identification and who did take an oath.

(SEAL)                           NOTARY PUBLIC, State of Florida

                                    Print Name: _____
                                    My Commission Expires: _____

DATE:_____          **Q3 INVESTMENTS RECOVERY VEHICLE, LLC**

_____

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    SWORN AND SUBSCRIBED before me, by means of ☐ physical presence or ☐ online notarization, this ____ day of _____, 2020, by TOM MCLAUGHLIN, who is ☐ personally known to me or who has ☐ produced _____ as identification and who did take an oath.

(SEAL)                           NOTARY PUBLIC, State of Florida

                                    Print Name: _____
                                    My Commission Expires: _____

DATE:_____                    **Q3 INVESTMENTS RECOVERY VEHICLE, LLC**

_____

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    SWORN AND SUBSCRIBED before me, by means of ☐ physical presence or ☐ online notarization, this ____ day of _____, 2020, by SANKET VYAS, who is ☐ personally known to me or who has ☐ produced _____ as identification and who did take an oath.

(SEAL)                    _____
                          NOTARY PUBLIC, State of Florida

                          Print Name: _____
                          My Commission Expires: _____

6